UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT OPSITNICK JR., ) <br> and ANNA M. OPSITNICK ) <br> Plaintiffs, ) <br> Vs. ) <br> ) <br> ) <br> ROBERT G. RAY ) <br> ATTORNEY AT LAW a/k/a ) <br> ) <br> Attorney ROBERT G. RAY ) <br> Rose, Ray, O'Connor, Manning & ) <br> McCauley. P.A., Attorneys at Law ) <br> ) <br> Defendants ) | **COMPLAINT** <br> Civil Action No. 5:14-CV-405-BO |

## JURISDICTION

The Courts Jurisdiction is based on **Diversity of Citizenship, 28 U.S.C. §1332**.

## STATEMENT OF CLAIM

**THE PLAINTIFFS**, bring this Complaint in an action under 28 U.S.C. 171 for

Negligence (Legal Malpractice/Misrepresentation) and complaining of the Defendant

allege and say that:

    1.    The Plaintiff, Robert Opsitnick Jr. is a citizen and resident of 63 Whittlesey Ave. Chicopee, Massachusetts.

    2.    The Plaintiff, Anna M. Opsitnick is a citizen and resident of 63 Whittlesey Ave. Chicopee, Massachusetts.

    3.    The Plaintiffs are informed, believe, and therefore allege that the Defendant, Robert G. Ray, Attorney at Law, a/k/a Attorney Robert G. Ray, Rose, Ray, O'Connor, Manning & McCauley. P.A., Attorneys at Law is a citizen and resident of North Carolina.

4.      The Plaintiffs are informed, believe, and therefore allege that the Defendant, is an Attorney admitted to the North Carolina State Bar on August 16, 1968, State Bar ID No: 3620, and was at all times referred herein, an attorney at law licensed to practice in North Carolina, subject to the laws of the State of North Carolina, the Rules and Regulations of the North Carolina State Bar, and the Rules of Professional Conduct. The Defendant had a Duty of Care to the Plaintiffs in his representation of Plaintiffs in the underlying case Docket Number 99 CV 02320 (*Elona Nicole (Jarrell) Johnson vs. Robert and Anna Opsitnick*), Wake County, North Carolina. Defendant Breached that Duty of Care by representing to Plaintiffs that the Settlement Agreement dated March 8, 1999 was a complete release to all matters in the subject matter of the underlying case. Defendants representation was relied on by Plaintiffs in deciding what actions to take in the underlying case and but for Defendants representations, Plaintiffs would not have been harmed by adverse decisions and judgment against them in the underlying case. Plaintiffs have been financially harmed in excess of seven hundred and fifty thousand dollars. Based on the representation of Defendant and the Settlement Agreement, payments on a promissory were stopped relying on a settlement and complete release drafted and finalized for the parties in the underlying case, both represented by counsel. Defendant knew, or should have known, the relevant law of contracts and settlement agreements and should have saw that Plaintiffs would have been injured by alleged noncompliance with payment obligations that may have still existed.

5.      During all relevant periods referred herein, Defendant was engaged in the private practice of law in the city of Fayetteville, Cumberland County, North Carolina with an office address of Rose, Ray, O'Connor, Manning & McCauley. P.A., Attorneys at Law, 214 Mason Street, Fayetteville, North Carolina, 28301. The Defendant's legal duty come from case law, "Ordinarily, when an attorney engages in the practice of law and contracts to prosecute an action on behalf of his client, ***he impliedly*** represents that (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause." *(emphasis added) Hodges v. Carter, 239* N.C. 517, 519, 80 S.E 2d 144, 145-46 (1954). The Defendant had almost thirty years experience as an Attorney in North Carolina.

6.      The Plaintiffs are informed, believe, and therefore allege that the Defendant is still engaged in the private practice of law in the city of Fayetteville, Cumberland County, North Carolina with an office address of Ray, & Pennink P.L.L.C., 345 Hay Street, Fayetteville, North Carolina, 28301.

7.      The Plaintiffs contacted the Defendant on or about March 18, 1998 to retain legal services and representation related to a trust tax reporting question.

8.      The Plaintiffs again contacted the Defendant on or about October 13, 1998 to retain legal services and representation related to a letter received from an attorney who represented Elona Nicole (Jarrell) Johnson (See Exhibit A).

9. The letter requested an accounting of the Elona Nicole Opsitnick Trust from Robert Opsitnick Jr., then Trustee.

10. Defendant responded to the letter, with a letter dated October 19, 1998, on behalf of Plaintiffs (See Exhibit B).

11. On or about October 27, 1998, Defendant recommended and provided the name of David Frazelle, a Certified Public Accountant of Griffin, Maxwell, & Frazelle, PA. in Fayetteville, Cumberland County, North Carolina

12. Plaintiffs retained the services of David Frazelle, CPA to prepare an accounting from records, books, bank statements, brokerage account statements, etc. (See Exibit C)

13. Between October 29 and November 12, 1998, CPA David Frazelle prepared an initial accounting of the Elona Nicole Opsitnick Trust, covering January 1, 1998 to October 31, 1998, and sent it to Defendant on or about November 12, 1998.

14. On or about November 12, 1998, Defendant received the accounting from CPA David Frazelle, reviewed the accounting, and sent a letter to Attorney John Huggard with the accounting.

15. On or about November 30, 1998, Attorney John Huggard called Defendant and discussed perceived trust deficiencies and the possibility of a transfer of the trust. Defendant subsequently called to discuss the matter with Robert Opsitnick Jr.

16. On or about December 8, 1998 and December 9, 1998, Robert Opsitnick Jr. and Attorney Defendant discussed the trust matters.

17. On or about December 17, 1998, Defendant received a fax from Attorney John Huggard, sent a letter to Robert and Anna Opsitnick, and began preparation of a Settlement Agreement for a complete release (See Exhibit D).

18. Between December 17, 1998 and December 30, 1998, Defendant prepared a Settlement Agreement.

19. On December 30, 1998, Robert and Anna Opsitnick conferenced with a representative of Defendant's office reference the Settlement Agreement. During that conference, Robert and Anna Opsitnick discussed that the Settlement Agreement be a complete release from all matters relating to the trust, and more specifically, that it would include language insuring a Complete Release of all matters and claims, to include the promissory note dated October 7, 1998 signed by Anna M. Opsitnick to the Elona Nicole Opsitnick Trust (See Exhibit E), dealing with the trust. Changes to the Petition to Transfer the Trust were also discussed.

20. Based on the conference mentioned in paragraph 19 above, Defendant revised the Settlement Agreement.

21. On December 31, 1998, Defendant reviewed and finalized a letter to John Huggard and sent Robert and Anna a letter, dated January 4, 1999, with the Huggard letter for their review (See Exhibit F).

22. On or about January 5, 1999, Defendant spoke with Robert Opsitnick about the letter to Attorney John Huggard. Subsequent to that conversation, the letter was sent to Attorney John Huggard.

23. Between January 7, 1999 and March 5, 1999, negotiations, conversations, and basis information gathering for decisions were made involving the parties, Defendant, John P. Huggard, and David Frazelle, negotiating a settlement of all claims and complete release.

24. On March 2, 1999, John P. Huggard signed and filed an Action to Transfer Trust Assets and Change Trustees in Docket Number 99 CV 02320 (*Elona Nicole (Jerrell) Johnson vs. Robert and Anna Opsitnick*, Wake County, North Carolina)(See Exhibit G).

25. On March 8, 1999, Plaintiffs signed the Settlement Agreement (See Exhibit H).

26. On March 9, 1999, Robert Opsitnick conferenced with Defendant and an original Settlement Agreement, signed by the Plaintiffs was given to Defendant.

27. Between March 10, 1999 and April 6, 2014 final negotiations, conversations, and basis information gathering for decisions were made involving the parties, Defendant, and John P. Huggard.

28. By April 13, 1999, the Settlement Agreement was signed and notarized by both parties (See Exhibit H).

29. By April 13, 1999, the Consent Judgment (See Exhibit I) was signed by the underlying Plaintiff.

30. On or about April 23, 1999, Defendant spoke to Robert Opsitnick to review correspondence.

31. On April 26, 1999, Defendant met with Plaintiffs reference the Consent Judgment.

32. On May 1, 1999, Defendant received a letter from John P. Huggard with the executed Settlement Agreement and the Consent Judgment that had been signed by the underlying Plaintiff on April 13, 1999.

33. On May 3, 1999, Defendant met with Anna Opsitnick and Robert Opsitnick. The Opsitnicks executed the Consent Judgment (See Exhibit I).

34. On May 26, 1999, Defendant spoke to Robert Opsitnick about transferring the Trust Assets to John P. Huggard, Trustee, Elona Nicole Opsitnick Trust and then spoke to John P. Huggard, Trustee, Elona Nicole Opsitnick Trust, about the transfer.

35. On or about June 9, 1999, Robert Opsitnick transferred the existing trust assets to John P. Huggard, Trustee, Elona Nicole Opsitnick Trust (See Exhibit J) per the Settlement Agreement and Consent Judgment. Within the body of the transfer letter, it was indicated that the note was not a part of the assets transferred. The indication was on the representations of the Defendant to the Plaintiffs about the complete release. There were no further payments made on the note by Anna Opsitnick. Monthly payments had been made from October 8, 1998 until the Settlement Agreement was signed in March, 1999.

36. On or about Aug 23, 1999, the Elona Nicole Opsitnick Trust was Terminated, said action taken in Wake County Superior Court Division by a Motion in the Cause.

37. More than six years later, in or about October 2005, the underlying Plaintiff communicated with Robert Opsitnick and stated her belief that the promissory note dated October 7, 1998 signed by Anna M. Opsitnick to the Elona Nicole Opsitnick Trust was still valid (See Exhibit K).

38. In March and April, 2006, John P. Huggard contacted Plaintiffs by letter seeking payment on the note (See Exhibit L).

39. On April 10, 2006, Robert Opsitnick prepared a letter with supporting documents to fax to Defendant. Prior to sending the fax, Robert Opsitnick spoke to Defendant about the Settlement Agreement, the communications reference the underlying Plaintiff's beliefs about the note, and the letters sent by Attorney John P. Huggard. Defendant stated he was no longer involved in the case (See Exhibit M).

40. Between April 26, 2006 and February, 2009, there were no communications from the underlying Plaintiff or Attorney John P. Huggard to Plaintiffs.

41. On February 5, 2009, Attorney John P. Huggard filed a Complaint, Docket Number 09 CVS 002069, Wake County Superior Court Division on behalf of his client Elona Nicole (Jarrell) Johnson. The Complaint was subsequently amended.

42. Plaintiffs filed an Answer, and then subsequently filed an Amended Answer and Counter Claim, and Pled Affirmative Defenses, Statute of Limitations, the Settlement Agreement dated March 8, 1999 and Complete Release discussed in the above paragraphs incorporated hereto.

43. On October 21, 2010, Defendant signed an Affidavit, prepared by John P. Huggard, for docket 09 CVS 2069 (See Exhibit N).

44. During discovery in Docket Number 09 CVS 002069, on November 8, 2010, Defendant was deposed by John P. Huggard, recorded by Pace Reporting Service, Inc. During

the deposition, the Plaintiffs were not represented (See Exhibit O). Plaintiff's counsel during that time, Junius Allen Crumpler III, failed to appear after receiving notice of the deposition from John P. Huggard.

45. On March 14, 2011, Defendant was again deposed at his office at 345 Hay Street, Fayetteville, North Carolina (See Exhibit P). In attendance was Defendant, John P. Huggard, and Robert & Anna Opsinick.

46. At Motions for Summary Judgment on July 18, 2011, Superior Court Trial Judge Henry Height ruled that, "as a matter of law, the general release set out in Defendants' answer did not release the $40,777.63 promissory note signed by Defendant Anna Opsitnick on October 7, 1998." (See Exhibit Q). Superior Court Trial Judge Henry Height also denied Defendants' Motion for Summary Judgment (see Exhibit R).

47. Plaintiffs hired new counsel to appeal the July 18, 1999 decision by Judge Henry Height. Plaintiffs were advised by new counsel that they could not immediately appeal the July 18, 1999 court decision and would have to wait until after a trial on docket 09 CVS 002069.

48. After a trial in August, 2011, where Plaintiffs were forced to represent themselves Pro Se, Plaintiffs returned to their new counsel and filed an appeal, not only for the July 18, 2011 decisions, but also the trial judgments.

49. On October 21, 2011, Plaintiffs filed a Notice of Appeal and appealed the lower court rulings, and judgments, including the July 18, 2011 decision mentioned in paragraph 46 above, incorporated hereto.

50. Plaintiff's appeal was denied by Order of the North Carolina Court of Appeals in an unpublished decision dated October 2, 2012. Further appeals to higher courts were denied (See Exhibit S).

51. Defendant represented to Plaintiffs that the Settlement Agreement was a complete release as Plaintiffs bargained for during negotiations. Plaintiffs relied on that representation and Plaintiff Anna Opsitnick made no further payments on the note dated October 7, 1998. Plaintiffs relied on the language of the Settlement Agreement which was comprehensive and written by counsel representing the parties in Docket 09 CVS 002069.

52. Plaintiffs justifiably relied on the representations of Defendant and Plaintiffs took action on behalf of those representations and have been injured by the adverse decisions of the court and judgments against them.

WHEREFORE, the Plaintiffs pray for relief as follows:

1. That the Plaintiffs relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000).

2. That the Plaintiffs have and recover judgment against the Defendant in punitive damages in excess of ten thousand dollars ($10,000) and any further sum of money awarded by the court or jury.

3. That the costs of this action be taxed against the Defendant, including prejudgment interest pursuant to North Carolina General Statute § 24-5;

4. That Plaintiffs be allowed reasonable attorney's fees;

5. That all issues of fact in this matter be tried by a jury; and

6. That the Court grant any further relief it deems reasonable and just.

This the 13 day of July, 2014.

PRO SE
PLAINTIFFS

ROBERT OPSITNICK JR.
63 Whittlesey Ave
Chicopee, MA. 01020
(413) 531-5258

ANNA M. OPSITNICK
63 Whittlesey Ave
Chicopee, MA. 01020
(413) 531-5258