IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-405-BO

ROBERT OPSITNICK, JR. and ANNA M. )
OPSITNICK, )
)
                     Plaintiffs, )
v. )     **O R D E R**
)
ROBERT G. RAY, ATTORNEY AT LAW, )
a/k/a Attorney Robert G. Ray, Rose, Ray, )
O'connor, Manning & McCauley, P.A., )
Attorneys at Law, )
                     Defendants. )

      This cause comes before the Court on defendants' motion to dismiss pursuant to Rules 12(b)(4) and (6) of the Federal Rules of Civil Procedure. Plaintiffs, proceeding *pro se*, have responded, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion to dismiss this action is granted.

## BACKGROUND

      Plaintiffs filed this action for negligence, specifically legal malpractice, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs contend that attorney Robert Ray represented them when plaintiff Robert Opsitnick's daughter, Nichole Jarrell, alleged mismanagement of a trust established for her benefit. Jarrell had expressed dissatisfaction with Robert Opsitnick's handling of the trust and with certain disbursements of the trust proceeds made by him while acting as trustee. One such disbursement was a loan of $40,777.63 made by the trust on October 7, 1998, to Anna Opsitnick, at 2% interest and payable in eighty-eight months (herein after promissory note or October 1998 note). [DE 2-5]. A settlement between the Opsitnicks and Jarrell was reached wherein, *inter alia*, Robert Opsitnick resigned as trustee and Anna Opsitnick renounced her right to act a successor trustee. [DE 2-6]. The settlement

agreement also included a general release of liability. *Id.* After filing a consent judgment in May 1999, the trust was terminated on or about August 23, 1999.

In October 2005, counsel for Jarrell contacted plaintiffs regarding the promissory note and payments thereon. Plaintiffs contacted Ray on April 10, 2006, for an opinion on the validity of the promissory note, and Ray communicated that he no longer represented plaintiffs and that he would not give plaintiffs an opinion. [DE 2-13]. Based on their conversations with Ray at the time they signed the settlement agreement, plaintiffs believed that they were released from liability for any loans made when Robert Opsitnick acted as trustee, including the October 1998 note, by the general release term of the settlement agreement.

After being contacted by Jarrell's counsel in 2005, the Opsitnicks made no payments on the October 1998 note, and on February 5, 2009, Jarrell filed suit in Wake County Superior Court. Partial summary judgment against the Opsitnicks was entered on July 18, 2011, finding that the general release included in the 1999 settlement agreement did not release the promissory note and that the Opsitnicks owed Jarrell $40,777.73 with 2% interest from October 7, 1998, less any payments made. [DE 2-17]. A jury hearing Jarrell's remaining claims found that the Opsitnicks had taken advantage of a position of trust to induce Jarrell to enter into the settlement agreement, thereby voiding the 1999 settlement agreement. [DE 2-19 at 15]. The North Carolina Court of Appeals dismissed the Opsitnick's appeal of the jury verdict and the North Carolina Supreme Court declined review. [DE 2-19].

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most

2

Case 5:14-cv-00405-BO   Document 18   Filed 01/22/15   Page 2 of 5

favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

An affirmative defense that a complaint is barred by a statute of limitations may not form the basis of Rule 12(b)(6) dismissal unless all of the facts necessary for the defense appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (2007). The Court may also consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6), *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004), as well as any documents attached to the complaint so long as they are integral thereto. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

North Carolina General Statute § 1-15(c) provides that a claim for professional malpractice is deemed to accrue when the last act giving rise to the cause of action occurs, and that no action may be commenced more than four years from the last act giving rise to the cause of action. *See also Goodman v. Holmes & McLaurin*, 192 N.C.App. 467, 473-4 (2008). "[T]he period contained in the [four year] statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted." *Black v. Littlejohn*, 312 N.C. 626, 633 (1985). What act comprises the "last act" giving rise to a professional malpractice action is a conclusion of law, *Ramboot, Inc. v. Lucas*, 181 N.C.App. 729, 734 (2007), and in order to determine when the last act of alleged negligence took place, a court considers factors "such as the contractual relationship between the parties, when the

3

contracted-for services were complete, and when the alleged mistakes could no longer be remedied." *Carle v. Wyrick, Robbins, Yates & Ponton, LLP*, 738 S.E.2d 766, 771 (N.C. Ct. App. 2013).

The Opsitnicks allege that attorney Ray breached his duty of care to plaintiffs when he represented to them that the 1999 settlement was a release of all matters "in the subject matter of the underlying case," and that based on Ray's representation payments on the promissory note were stopped, which was ultimately to the Opsitnick's detriment. [DE 2 at 2]. Plaintiffs' negligence claim is therefore founded in Ray's allegedly negligent counsel during the negotiation of the settlement agreement in 1999. The settlement agreement was executed by April 1999, a consent judgment based upon the settlement agreement was entered on May 17, 1999, and the trust was terminated by order entered August 23, 1999. [DE 2-8; 2-9; 2 at ¶ 36]. Plaintiffs do not allege any ongoing relationship with Ray following the termination of the trust, and in 2006 Ray confirmed that he no longer represented plaintiffs and would not advise them on their duty to pay on the promissory note.

Where a party has settled a claim and later discovered that the settlement was based on bad advice from their attorney, the last act of the allegedly negligent attorney giving rise to the cause of action was the date that the client signed the release consummating the settlement agreement. *Ramboot*, 181 N.C. App. at 735. Plaintiffs hired Ray in 1998 to represent their interests on matters of Jarrell's trust and her allegations of mismanagement thereof. Ray advised plaintiffs throughout the settlement negotiations and plaintiffs ultimately signed a settlement agreement with Jarrell which was filed as a consent judgment in May 1999. The last act of Ray's alleged negligence arising out of the settlement for purposes of the statute of repose therefore occurred in May 1999 or at the latest in August 1999 when the trust was terminated.

Plaintiffs filed this action in July 2014, almost fifteen years after the last act occurred, and their claim is plainly barred by the statute of repose.

Plaintiffs contend that attorney Ray's last act for purposes of the statute of repose was March 14, 2011, the date of his deposition taken in relation to Jarrell's Wake County action filed against plaintiffs in 2009 for payment on the October 1998 note. Plaintiffs state that at that time Ray did not advise them that the note was not released by the settlement agreement and plaintiffs continued to rely on his advice that they did not need to pay on the note. That Ray did not take an opportunity to correct his alleged negligence at a later meeting with plaintiffs is of no import, however, as the subsequent refusal to correct an error does not revive malpractice liability. *Jordan v. Crew*, 125 N.C.App. 712, 715 (1997).

Because this action is barred by the statute of repose,[1] plaintiffs "literally [have] *no* cause of action. The harm that has been done is *damnum absque injuria*-a wrong for which the law affords no redress." *Hargett v. Holland*, 337 N.C. 651, 655 (1994) (internal quotation and citation omitted). Their complaint must therefore be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, defendants motion to dismiss pursuant to Rule 12(b)(6) [DE 11] is GRANTED and this matter is DISMISSED in its entirety. The clerk is DIRECTED to enter judgment and close the file.

SO ORDERED, this **20** day of January, 2015.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Because this matter is barred by the statute of repose, the Court declines to consider defendants' remaining arguments.

5